IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–01719–REB–KMT

THERESA L. DOWLING,

    Plaintiff,

v.

BLACK AND MCDONALD,

    Defendant.

___

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on the Order to Show Cause (Doc. No. 14) entered on March 22, 2013, relating to Plaintiff's failure to appear at the March 21, 2013 Scheduling Conference.

    As outlined in the Order to Show Cause, pursuant to the Order of Reference dated July 3, 2012, this civil action was referred to the Magistrate Judge to, *inter alia,* "convene a scheduling under Fed. R. Civ. P. 16(b) [and] enter a Scheduling Order that satisfies the requirements of D.C.COLO.LCivR 16.2." (Doc. No. 6.)

    On February 21, 2013, the court issued its "Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting." (Doc. No. 9 [Order Setting Sched. Conf.].) Therein, the court set a Scheduling Conference for March 21, 2013. (*Id.* at 1.) The court also

ordered the parties to confer in accordance with Fed. R. Civ. P. 26(f) on or before February 28, 2013 and to file their proposed scheduling order on or before March 14, 2013. (*Id.* at 2.)

On March 14, 2013, Defendant filed a Motion to Stay All Proceedings. (Doc. No. 10.) Therein, Defendant noted that its counsel made several attempts to contact Plaintiff via telephone and email to set a Rule 26(f) meeting and to confer about the proposed Scheduling Order. (*Id.* ¶ 12, Ex. 1.) Plaintiff never responded to these communications. (*Id.*)

On March 15, 2013, the court denied Defendant's Motion to Stay without prejudice, stating that the Scheduling Conference "will proceed as scheduled on March 21, 2013." (Minute Order, Doc. No. 12.) Nevertheless, Plaintiff failed to appear at the March 21, 2013 Scheduling Conference. (*See* Courtroom Minutes, Doc. No. 13.)

Plaintiff bears the responsibility of complying with court orders and prosecuting her case. Here, by failing to communicate with Defendant's counsel regarding the Rule 26(f) conference and the proposed Scheduling Order, Plaintiff has failed to comply with this court's Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting. The Federal Rules of Civil Procedure given a district court ample tools to deal with recalcitrant litigants. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 16(f)(1)(C) and 37(b)(2) and D.C.COLO.LCivR 41.1 enable the court to impose sanctions, including dismissal, when a party fails to obey pretrial orders. Fed. R. Civ. P. 41 and D.C.COLO.LCivR 41.1 also enable the court to dismiss a case when a party fails to prosecute a case.

The Tenth Circuit has recognized that "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or

federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). However, a dismissal with prejudice is a more severe sanction, and generally requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1235 (10th Cir. 2009). In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit set forth a non-exhaustive list of factors to be considered when evaluating grounds for dismissal of an action with prejudice. The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

Having considered the *Ehrenhaus* factors, the court finds that dismissal with prejudice is appropriate. First, the court finds that Plaintiff's conduct has prejudiced Defendant as Defendant's counsel spent considerable time in his repeated, unsuccessful efforts to contact Plaintiff to conduct the Rule 26(f) conference and to prepare the proposed Scheduling Order. Moreover, Defendant's counsel dutifully attended the Scheduling Conference, albeit telephonically, in order to conserve Defendant's resources in the event that Plaintiff did not appear, only to have Plaintiff fail to appear.

Second, the court finds that Plaintiff has significantly interfered with the judicial process by failing to prosecute this matter and by failing to respond to court order. In addition to failing to comply with the Order Setting Scheduling Conference, Plaintiff has now failed to respond to the court's Order to Show Cause, which has only further delayed these proceedings. Moreover, the court notes that this is now Plaintiff's third attempt to sue Black and McDonald/Custom Lighting Services. (*See Dowling v. Black and McDonald et al.,* Case No. 11-cv-183-LTB; *Dowling v. Black & McDonald,* Case No. 11-cv-2696-REB-KMT.) Both of those prior cases against Black and McDonald were dismissed after Plaintiff failed to comply with court orders. (See Doc. No. 8, Case No. 11-cv-183-LTB; Doc. No. 85, Case No. 11-cv-2696-REB-KMT.) As such, Plaintiff has now wasted scare judicial resources in not one, but three, cases and, as a consequence, has exhibited a substantial disregard for the judicial process.

Third, the court concludes that Plaintiff is culpable for the delay in this case and the violations of this court's orders. Indeed, in light of the fact that Plaintiff's prior cases against Defendant were also dismissed for failure to prosecute and to comply with court orders, Plaintiff's conduct in this case is far from an isolated incident that can be gratuitously overlooked. Instead, Plaintiff has demonstrated an unacceptable pattern of thwarting court orders, thereby undermining the judicial process and wasting court and party resources. Fourth, the court specifically warned Plaintiff that her failure to comply with this court's orders could result in a recommendation for dismissal with prejudice. (*See* Order to Show Cause.)

As to the final *Ehrenhaus* factor, the court finds that Plaintiff's failure to obey the orders of this court, in this and other cases, to be unacceptable and that such litigation behavior should

not be tolerated. Since the filing of her Complaint, Plaintiff has made very little effort to prosecute this case, has delayed the progress of this case, and has thwarted several court orders along the way. The court further notes that one of Plaintiff's prior cases against Defendant was dismissed with prejudice for substantially the same reasons at issue here.[1] (Doc. No. 85, Case No. 11-cv-2696-REB-KMT.) Recognizing that dismissal with prejudice is a severe sanction, the court nonetheless believes that no other sanction will be effective to deter this pattern of impermissible conduct. *See Hobratschk v. Perretta*, 210 F.3d 389, No. 99-1293, 2000 WL 313530, at *2 (10th Cir. Mar. 28, 2000) (unpublished table opinion) (stating that a district court need not impose lesser sanctions before dismissal with prejudice). Furthermore, dismissal with prejudice serves the purposes of "penaliz[ing] the party whose conduct warrants the sanction and discourag[ing] 'those who might be tempted to such conduct in the absence of such a deterrent.'" *Jones*, 996 F.2d at 265–66 (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

Altogether, the court concludes that the five *Ehrenhaus* factors have been satisfied in this matter and that dismissal with prejudice is appropriate.

WHEREFORE, for the foregoing reasons, the court respectfully

---

[1] In its Motion for Summary Judgment, Defendant argues that this case is barred under the *res judicata* doctrine based on the Final Judgment entered in that Case Number 11-cv-2696-REB-KMT. (*See* Doc. No. 15.) In light of the court's conclusion that this case is properly dismissed as a sanction for Plaintiff's failure to prosecute and comply with court orders, the court does not address whether this suit is barred on *res judicata* grounds.

RECOMMENDS that the Complaint and this action be dismissed in their entirety with prejudice, pursuant to Fed. R. Civ. P. 41, D.C.COLO.LCivR 41.1, and *Ehrenhaus v. Reynolds,* 965 F.3d 916 (10th Cir. 1992). The court further

RECOMMENDS that Defendant's Motion for Summary Judgment (Doc. No. 15) be DENIED as moot.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 5th day of April, 2013.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge